UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORU GABRIEL TRIFU, | No. 2:23-cv-1993 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff Doru Gabriel Trifu is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The complaint concerns allegations that plaintiff was subjected to unlawful arrest and excessive force by officers of the Folsom Police Department.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny

1   leave to proceed in forma pauperis at the outset if it appears from the face of the proposed
2   complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d
3   1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th
4   Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th
5   Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed
6   IFP because it appears from the face of the amended complaint that McGee's action is frivolous
7   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the
8   District Court to examine any application for leave to proceed in forma pauperis to determine
9   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,
10  the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

11         Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
12  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
13  state a claim on which relief may be granted, or seeks monetary relief against an immune
14  defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an
15  arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
16  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a
17  complaint as frivolous where it is based on an indisputably meritless legal theory or where the
18  factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

19         To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
20  state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
21  570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
22  true the material allegations in the complaint and construes the allegations in the light most
23  favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
24  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
25  (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
26  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
27  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
28  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Plaintiff's complaint alleges that on November 14, 2020, plaintiff was sitting inside his vehicle in the parking lot located at 1011 Riley Street in Folsom California. (Compl. (ECF No. 1) at 1.) Defendant Folsom Police Department Officer Brian Airoso approached plaintiff and asked for identification. (Id. at 2.) Plaintiff provided "two pieces of official documents[.]" (Id.) Officer Airoso ordered plaintiff to exit the vehicle. (Id.) After plaintiff did so Officer Airoso grabbed plaintiff's left hand and pushed plaintiff's head towards the ground. (Id.) After plaintiff fell on the ground Office Airoso put "one of his legs" on plaintiff's "chest pushing from the stomach towards his neck." (Id.)

"After the officer was pushed away," plaintiff positioned his hands "to show the officer that he could handcuff it." (Id.) Defendant Folsom Police Officer Diana Garrison "moved away from" plaintiff's legs, "grabbed" plaintiff's right hand, "and handcuffed it." (Id.) Officer Garrison "compelled" plaintiff "to get handcuffed in the back seat of the police vehicle." (Id. at 3.)

Plaintiff was eventually taken out of the vehicle, the handcuffs were removed, and plaintiff was released with a citation. (Id.) "Both officers committed statements of perjury while preparing the incident reports." (Id.) On September 30, 2022, the case against plaintiff was dismissed "and the Court deemed the arrest to have never occurred." (Id.) Based on these allegations the complaint alleges that the defendant officers unlawfully seized plaintiff and committed perjury while preparing the incident report. (Id.) The complaint also alleges that defendant Airoso used excessive force against plaintiff. (Id.)

The Fourth Amendment protects persons against "unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court "has stated 'the general rule that Fourth Amendment

1  seizures are 'reasonable' only if based on probable cause' to believe that the individual has
2  committed a crime." Bailey v. U.S., 133 S. Ct. 1031, 1037 (2013) (quoting Dunaway v. New
3  York, 442 U.S. 200, 213 (1979)). "[A]n arrest without probable cause violates the Fourth
4  Amendment and gives rise to a claim for damages under § 1983." Lee v. City of Los Angeles,
5  250 F.3d 668, 685 (9th Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir.
6  1988)).

7       A claim that a law enforcement officer used excessive force during the course of an arrest
8  is also analyzed under the Fourth Amendment and an objective reasonableness standard. See
9  Graham v. Connor, 490 U.S. 386, 395 (1989). Under this standard, "'[t]he force which [i]s
10 applied must be balanced against the need for that force: it is the need for force which is at the
11 heart of the Graham factors.'" Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997)
12 (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).
13 Force is excessive when it is greater than is reasonable under the circumstances." Santos v.
14 Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386). Finally, to support a
15 claim for judicial deception, "a § 1983 plaintiff must show that the investigator 'made
16 deliberately false statements or recklessly disregarded the truth in the affidavit' and that the
17 falsifications were 'material' to the finding of probable cause." Galbraith v. County of Santa
18 Clara, 307 F.3d 1119, 1126 (9th Cir. 2002) (quoting Hervey v. Estes, 65 F.3d 784, 790 (9th Cir.
19 1995)).

20      In this regard, for the purposes of screening, the undersigned finds that the complaint
21 states cognizable claims against defendants Airoso and Garrison. However, the complaint also
22 names as a defendant the "Police Department" and seeks "appropriate sanctions . . . against the
23 Police Department[.]" (Compl. (ECF No. 1) at 1, 3.) Presumably the complaint is referring to the
24 Folsom Police Department.

25      "In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court
26 held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat
27 superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060,
28 1073 (9th Cir. 2016). In this regard, "[a] government entity may not be held liable under 42

1 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving
2 force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892,
3 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

4     In order to allege a viable Monell claim against the Folsom Police Department plaintiff
5 "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was
6 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143
7 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).
8 There are three ways a "policy" can be established. See Clouthier, 591 F.3d at 1249-50.

9     "First, a local government may be held liable 'when implementation of its official policies
10 or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S.
11 at 708 (Powell, J. concurring)). Second, plaintiff may allege that the local government is liable
12 for a policy of inaction or omission, for example when a public entity, "fail[s] to implement
13 procedural safeguards to prevent constitutional violations" or fails to adequately train its
14 employees. Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir.
15 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that
16 "the need for more or different training [was] so obvious, and the inadequacy so likely to result in
17 the violation of constitutional rights, that the policymakers . . . can reasonably be said to have
18 been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390
19 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose
20 liability against a county for its failure to act, a plaintiff must show: (1) that a county employee
21 violated the plaintiff's constitutional rights; (2) that the county has customs or policies that
22 amount to deliberate indifference; and (3) that these customs or policies were the moving force
23 behind the employee's violation of constitutional rights."). "Third, a local government may be
24 held liable under § 1983 when 'the individual who committed the constitutional tort was an
25 official with final policy-making authority' or such an official 'ratified a subordinate's
26 unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting
27 Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).
28 ////

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom."). Here, the complaint contains no factual allegations related to the any police department.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed now on the complaint's claims of excessive force against defendant Airoso and unlawful seizure and judicial deception against defendants Airoso and Garrison. Alternatively, plaintiff may forgo serving defendants Airoso and Garrison and attempt to amend the complaint.

2. **If plaintiff elects to amend the complaint to address the issues noted above, plaintiff has twenty-eight days so to do**, and shall skip the following service instructions (Nos. 4-10). Plaintiff is not obligated to amend the complaint. However, if plaintiff does so, the amended complaint will also be subject to screening.[1]

////

---

[1] Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

6

3. **If plaintiff elects to proceed against defendants Airoso and Garrison**, then within twenty-eight days, plaintiff must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all other defendants and all other claims without prejudice.

4. Service is appropriate for defendant Brian Airoso and defendant Diana Garrison.

5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

6. The Clerk of the Court shall send plaintiff, two USM-285 forms—one for each defendant named in paragraph number 4—one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

7. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph number 4, above, at least:

   a. One completed summons;

   b. One completed USM-285 form;

   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

   d. One copy of the instant order.

Plaintiff shall make additional copies of the documents provided by the Clerk of the Court as necessary.

8. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

10. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

11. Plaintiff's September 15, 2023 motion to proceed in forma pauperis (ECF No. 2) is granted.

Dated: November 29, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\trifu1993.part.serve.ord